**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **AKO HASSAN NEJAD** ] | |
| **Petitioner,** ] | |
| ] | |
| **v.** ] | **No. 3:14-0818** |
| ] | **Judge Campbell** |
| **CHARLES W. CARPENTER, Warden** ] | |
| **Respondent.** ] | |

# M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Charles Carpenter, Warden of the facility, seeking a writ of habeas corpus.

## I. Background

On July 16, 2008, a jury in Davidson County found the petitioner guilty of conspiring to commit first degree murder and attempted second degree murder. Docket Entry No. 12-1 at pgs. 39-40. For these crimes, he received an aggregate sentence of thirty seven (37) years in prison. Docket Entry No. 12-5 at pgs. 84-86.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. Docket Entry No. 12-12. The Tennessee Supreme Court later denied petitioner's application for further direct review. Docket Entry No. 12-14.

In January, 2012, the petitioner, through counsel, filed a petition for post-conviction relief in the Criminal Court of Davidson County. Docket Entry No. 12-15 at pgs. 46-50. Following an

evidentiary hearing, the trial court denied the post-conviction petition. *Id.* at pgs. 54-74. On appeal,

the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry

No. 12-19. The Tennessee Supreme Court once again refused to grant petitioner's application for

additional review. Docket Entry No. 12-21.

## II. Procedural History

On March 24, 2014, the petitioner initiated this action with the *pro se* filing of a petition for

writ of habeas corpus (Docket Entry No. 1). The petition contains six claims for relief, some of

which have multiple sub-issues. These claims include:

    1)    the evidence was not sufficient to support the
convictions;

    2)    "The trial court erred in allowing the state to
introduce evidence of Appellant's prior misdemeanor
citation for gambling, in violation of Tennessee
Rule of Evidence 404";

    3)    newly discovered evidence discredits the state's
theory that petitioner attempted to kill Officer
Spray out of revenge;

    4)    the post-conviction court erred when it failed to
address petitioner's claim that the prosecution had
presented "false evidence";

    5)    the petitioner was denied the effective assistance
of trial counsel[1]
a) failure to request a change of venue;
b) failure to communicate with petitioner
and correctly inform him of potential
penalties if found guilty;
c) failure to investigate the case and prepare
a defense (neglected to hire an investigator

---

[1] At trial, the petitioner was represented by Paul Walwyn, a member of the Davidson
County Bar.

or interview witnesses);

d) failure to aggressively cross examine prosecution witnesses;

e) failure to call potential witnesses;

f) failure to file a timely motion for new trial;

g) failure to call additional witnesses to testify in support of the motion for new trial;

6) the petitioner was denied the effective assistance of post- conviction counsel[2]

a) failure to communicate and prepare for the post-conviction evidentiary hearing;

b) failure to call witnesses at the post-conviction evidentiary hearing;

c) failure to proffer documents (gambling citations) at the post-conviction evidentiary hearing;

d) failure to include issues in the amended post-conviction petition; and

e) failure to aggressively cross examine trial counsel at the post-conviction evidentiary hearing.

Upon its receipt, the Court reviewed the petition and determined that it stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 2) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules ---- § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket Entry No. 14) to the petition, to which the petitioner has offered no reply. Having carefully considered the petition, respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - -

---

[2] During post-conviction proceedings, the petitioner was represented by Ryan Caldwell, a member of the Davidson County Bar.

- § 2254 Cases.

### III. Analysis of the Claims

**A.)     Post-Conviction Claims**

The petitioner asserts that the post-conviction court erred when it failed to address his claim that the prosecution had presented "false evidence" (Claim No. 4).

A state, though, is not constitutionally required to provide convicted felons with a means by which they can collaterally attack their convictions. Pennsylvania v. Finley, 107 S.Ct. 1990, 1994 (1987). Thus, claims which allege nothing more than errors in a state post-conviction proceeding are not cognizable in a § 2254 action. Kirby v. Dutton, 794 F.2d 245 (6th Cir.1986). As a consequence, this claim will not support an award of habeas corpus relief.

Likewise, the ineffectiveness of post-conviction counsel "shall not be a ground for relief in a proceeding arising under section 2254". 28 U.S.C. § 2254(i). Therefore, petitioner's claim (Claim No. 6a-e) alleging five instances in which post-conviction counsel had been ineffective is also not cognizable here.

**B.)     State Law Claims/Procedural Default**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus

relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

Federal habeas corpus relief is only available to cure "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a claim that is based upon a perceived error or misapplication of state law will not normally be recognized as an actionable claim for federal habeas corpus relief. Lewis v.Jeffers, 497 U.S. 764, 780 (1990).

The petitioner has alleged a violation of Rule 404 of the Tennessee Rules of Evidence (Claim No. 2) and a claim based upon newly discovered evidence (Claim No. 3). These claims were presented to the state courts solely as perceived issues of state rather than federal law, Docket Entry No. 12-10 at pgs. 21-24, and were addressed by the state courts as such. Docket Entry No. 12-12 at pgs. 7-8. Consequently, these issues have never been fully exhausted in the state courts as federal claims.

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

Unfortunately, at this late date, the petitioner is no longer able to raise his evidentiary and newly discovered evidence issues as federal claims in state court. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims.[4] Lovins v. Parker, 712 F.3d 283, 295 (6th Cir. 2013)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

---

[4] A discussion of procedural default, of course, presumes that the petitioner has raised these claims in his habeas corpus petition as issues of federal rather than state law.

The petitioner's pleadings offer nothing to suggest cause for the failure to exhaust these claims as questions of federal law in the state courts in a timely manner. Nor has there been a showing of prejudice arising from the alleged violations. Consequently, petitioner's evidentiary and newly discovered evidence claims will not support an award of federal habeas corpus relief. <u>Teague v. Lane</u>, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

The petitioner has also put forth seven instances in which trial counsel was allegedly ineffective. Four of those instances, i.e., Claim No. 5a-b, f-g, were never raised in a state appellate court for consideration. *See* Docket Entry No. 15-17. As noted above, state court remedies for these claims are now no longer available. In the absence of cause and prejudice, the procedural default of those remedies is unexcused and will not support an award of federal habeas corpus relief.

**C.)    Fully Exhausted Claims**

The petitioner's sufficiency of the evidence claim (Claim No. 1) and the remaining ineffective assistance claims (Claim No. 5c-e), when liberally construed, were offered to the state courts for review and were found to be without merit.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. <u>Harrington v. Richter</u>, 131 S.Ct. 770, 780 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); <u>Nevers v. Killinger</u>, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state

court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389. A state prisoner must show that the state court's ruling on the claim being presented was so lacking in justification that there was an "error well understood and comprehended in existing law beyond any possibility for fairminded disagreement". Harrington, *supra* at 131 S.Ct. 786-787.

The petitioner has alleged that the evidence was not sufficient to support his convictions (Claim No. 1). The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.* at 99 S.Ct. 2789. The only question this Court need answer is whether the petitioner's convictions were "so unsupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, 132 S.Ct. 2060, 2065 (2012).

The evidence showed that the petitioner's brother had been robbed of $1500 by a pair of drug dealers (intended victims). The petitioner decided to retaliate for the robbery of his brother. Docket

Entry No. 12-2 at pg. 22. He devised a plan whereby the intended victims would be lured to Edwin Warner Park in Nashville under the guise of a fictitious drug deal and ambushed. *Id.* at pg. 24. The petitioner instructed a confederate to arrange the fictitious drug buy. *Id.* at pg. 113. He gathered with several confederates at the Park, provided them with weapons from a duffel bag that was later found in his trunk, and deployed them for the ambush.

The attempted ambush, however, was foiled by a park ranger who noticed one of the confederates sitting in the petitioner's car with the engine running after dark. The ranger approached the vehicle in his cruiser and made inquiries. Docket Entry No. 12-3 at pg. 75. The confederate panicked and began to flee the scene in the vehicle. The ranger gave chase but came under fire from another location. His cruiser sustained several bullet holes, one of which just missed his head. *Id.*

When the petitioner arrived at the Park, he told a confederate that "he was going to take out the driver, I was supposed to take out the passenger." Docket Entry No. 12-2 at pg. 31. The petitioner provided this confederate with a weapon and kept a handgun for himself. *Id.* at pg. 33. The petitioner later told this confederate that he had fired at the ranger to help him get away. *Id.* at pg. 88. The evidence further showed that the petitioner had previously been involved with this ranger during a gambling sting months earlier.

From this evidence, any rational juror could have found that the petitioner had conspired with his confederates to ambush and kill the intended victims. Petitioner's conviction for attempted second degree murder is supported by evidence showing that the petitioner had a previous run in with the ranger, he admitted to firing several shots at the ranger, and at least one of the shots could have killed the ranger. The state courts correctly determined that the evidence was sufficient to support petitioner's convictions. Therefore, this claim has no merit.

The petitioner's remaining claims allege that he was denied the effective assistance of trial counsel. More specifically, the petitioner asserts that counsel was deficient for failing to properly investigate the case and prepare a defense (Claim No.5c), failing to aggressively cross examine prosecution witnesses (Claim No. 5d), and failing to call potential witnesses (Claim No. 5e).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

Trial counsel testified at the post-conviction evidentiary hearing. He stated that he met with the petitioner on multiple occasions prior to trial. Docket Entry No. 12-16 at pg. 65. Counsel visited the crime scene and spent several hours there studying the layout of the Park as it related to the events leading up to the shooting. *Id.* at pg. 72. Given the facts of this case, he determined that two potential defenses were available to him. First, he could argue that the petitioner was not present at the Park and had nothing to do with the events on the evening of the shooting. Second, he could argue that the petitioner lied to the police about not being at the Park and did intend to commit a violent crime, i.e., rob the intended victims, but that he was not guilty of the crimes he was charged with. *Id.* at pgs. 69-71. Counsel chose the first defense based upon his determination that he should,

at all costs, keep the petitioner off the witness stand. He felt that an admission from the petitioner that he had lied to the police would have been very damaging in the eyes of the jury and that the petitioner, as a previously convicted felon, could face prosecution in federal court because a gun was used during the attempted commission of an aggravated robbery. *Id.* at pgs. 78-79.

The state appellate court found that this defensive strategy, which included the decision to not use potential witnesses offered by the petitioner, was reasoned and did not fall within the purview of deficient representation given the circumstances of the case. Docket Entry No. 12-19 at pg. 11. The petitioner has not shown the necessary prejudice arising from the decision to employ such a defense. Nor has the petitioner shown prejudice in the way that counsel subjected prosecution witnesses to cross examination. For that reason, this Court finds that the state courts employed the correct legal standard and agrees that the petitioner has not established that his trial counsel was ineffective.

An appropriate order will be entered.

Todd Campbell
United States District Judge